# KML LAW GROUP, P.C.

MICHAEL T. MCKEEVER*
LISA A. LEE*
KRISTINA G. MURTHA*
THOMAS I. PULEO
DAVID B. FEIN*
BRIAN C. NICHOLAS*
JAIME R. ACKERMAN*
LAUREN BERSCHLER KARL*
*PA & NJ BAR

ATTORNEYS AT LAW

SUITE 5000
BNY MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19106-1532
(215) 627-1322
(866) 413-2311
FAX (215) 627-7734

WWW.KMLLAWGROUP.COM

JILL P. JENKINS*
JOSHUA I. GOLDMAN*
ALYK L. OFLAZIAN*
COLLEEN M. HIRST*
PAUL W. LUONGO*
CAITLIN M. DONNELLY*
VICTORIA W. CHEN*
JOHN GORYL
MATTHEW K. FISSEL*
MICHAEL J. CLARK*
NICHOLAS J. ZABALA*
REBECCA A. SOLARZ*
NORA C. VIGGIANO*
MATTHEW J. MCCLELLAND
DENISE CARLON
CHRISTOPHER FORD

March 21, 2017

Judge Richard E. Fehling
United States Bankruptcy Judge
for the Eastern District of Pennsylvania
The Madison Building, Suite 301
Reading, PA 19601

RE:  In re: Robert Joseph Kroboth and Melanie Ann Kroboth
     Motion of the United States of America, acting through the Commodity Credit
     Corporation, for Relief from the Automatic Stay to Allow Off Set
     Case No. 16-13342-REF

Dear Judge Fehling:

In accordance with your direction following the hearing on February 28, 2017, and after the parties (at least the Movant, United States of America, and Respondent, Fulton Bank, N.A.) have filed a Stipulation of Facts, I am providing you with this letter brief in support of the Motion for Relief from Stay.

As set forth in the Stipulation of Facts, on November 20, 2015, the Debtor, Robert Kroboth, obtained a marketing assistance loan from the United States of America, Commodity Credit Corporation ("CCC"), for his corn crops in the amount of $74,900.00, ("CORN MAL"). On December 22, 2015, the Debtor obtained a second marketing assistance loan from the CCC

for his soybean crops in the amount of $100,800.00 ("SOYBEAN MAL"). Both loans were evidence by a Farm Storage Note and Security Agreement and attached to the Proof of Claims filed by the United States. The CORN MAL loan matured on August 31, 2016, and the SOYBEAN MAL matured on September 30, 2016, both after the Debtors filed their Petition under Chapter 12 of the United States Bankruptcy Court on May 10, 2016. In addition, the Debtor executed 29 separate applications for CCC's Agricultural Risk Coverage-County Option (hereinafter referred to as "ARC-CO") Program for the 2015 program year. The applications signed and approved on July 23, 2015, pre-petition. Under these ARC-CO contracts, the Debtor is due payment in the amount of $44,737.00 for the 2015 program year.

The United States asserts its right to set off the ARC-CO payments due Debtor under Section 553 of the Bankruptcy Code, 11 U.S.C. § 553, on the basis that mutual, pre-petition obligations exist, against the amounts owed by the Debtor. In responding to the United States/ Motion for Relief, the Debtor has asserted that no right of set off exists because the two loans did not mature until after the filing of the bankruptcy petition, that there is no pre-petition right to setoff, and there is no averment that the Debtor was in default of the contracts pre-petition.

Setoff is a right grounded in concepts of fairness and equity. *G.S. Omni Corp. v. United States,* 835 F.2d 1317, 1318 (10th Cir. 1987). The Bankruptcy Code does not create a federal right of setoff. *Citizens Bank v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). Section 553 of the Code simply preserves setoff rights that might otherwise exist under federal or state law. *Citizens Bank v. Strumpf, id.* Thus, the threshold determination is whether the United States has an independent right of setoff outside of bankruptcy. 7 C.F.R. § 1403.7 provides that "[d]ebts due the CCC may be collected by administrative offset from the amounts payable by the CCC." 7 C.F.R. § 1403.7(b); *In re Gibson,* 308 B.R. 763 (N.D. Texas 2002).

Section 1403.7 applies regardless of whether the source of governmental payment is the CCC or some other agency. *See* 7 C.F.R. 1403.7(j)-(k). Thus, Section 1403.7 provides the applicable non-bankruptcy law by which the United States may offset the ARC-CO payments in this case. *See In re Myers*, 362 F.3d 667 (10th Cir. 2004); *Doko Farms v. United States*, 956 F.2d 1136, 1143 (Fed. Cir. 1992); *In re Gibson, id.*

Under Section 553 of the Bankruptcy Code, a creditor with an independent right of setoff may setoff a debtor's obligations only if the creditor satisfies three elements. First, the creditor must owe a debt to the debtor that "arose before commencement of" the bankruptcy proceedings. Second, the creditor must have a claim against the debtor that "arose before the commencement of" the bankruptcy proceedings. Third, the creditor's and debtor's obligations must be mutual. *In re Myers*, 362 F.3d at 672. In other words, a right to setoff under Section 553 arises only when the mutual debt and claim both arose pre-petition. *See United States v. Gerth*, 991 F.2d 1428, 1431 (8th Cir. 1993).

With regard to the first requirement, a debt arises pre-petition for setoff purposes when some right to payment exists pre-petition; that is, when an enforceable obligation exists at the time the debtor files his bankruptcy petition. *In re Buckner*, 218 B.R. 137, 145 (10th Cir. BAP 1998). The obligation of the United States to make the ARC-CO payments arose when the Debtor signed the 29 applications on July 23, 2015. *See In re Buckner*, 218 B.R. at 148; *In re Gibson*, 308 B.R. at 766. The majority opinion held by the courts is that a debt under an executory contract, such as the agricultural contract in this case, is a pre-petition debt when the debt is "absolutely owed" at the time the debtor files his bankruptcy petition. *United States v. Gerth*, 991 F.2d at 1433. The Bankruptcy Code defines "debt" as "liability on a claim" and the term "claim" as the "right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, disputed, undisputed, legal, equitable, secured or unsecured. 11 U.S.C. § 101(12), (5)(A). A debt arises pre-petition when the debt is "valid and enforceable" at the time the debtor files his bankruptcy petition. *In re Buckner,* 218 B.R. at 147. There does not appear that Debtor and Fulton Bank are disputing whether the ARC-CO payment obligations are pre-petition. In fact, the parties have stipulated that the sum of $44,737.00 is due for the 2015 program.

Rather, it is with regard to the second requirement, that the claim of the United States arose prior to the commencement of the bankruptcy case, that Debtor and Fulton Bank take issue. In short, Debtor and Fulton Bank argue that there is no indication that the CORN MAL or SOPYBEAN MAL contracts were in default prior to the filing of the Debtor's bankruptcy petition and that the two loans matured on August 31, 2016 and September 30, 2016 respectively, long after the petition date of May 10, 2016, thereby making them a post-petition obligation. However, it is not the performance of the obligation which determines whether the claim is pre-petition or post-petition, but rather when the right to payment arose. Dependency on a post-petition event does not prevent a debt from arising pre-petition. "The character of a claim is not transformed from pre-petition to post-petition simply because it is contingent, unliquidated or unmatured when the debtor's petition is filed. *United States v. Gerth,* 991 F.2d at 1433; *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1036 (5th Cir. 1987). The claim of the United States is evidenced by the proof of claims filed in this bankruptcy case, to which no objection has been made. *See* Claim Nos. 11-1 and 14-1.

Finally, though not raised in their responses to the government's motion for relief, there is little question that the third requirement has been met in this case. Both the debt and the claim are mutual obligations. For setoff purposes, debts are mutual if they are "in the same right and

between the same parties, standing in the same capacity." *Bevil, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 59 (3d Cir. 1990). Mutuality is satisfied when the offsetting obligations are held by the same parties in the same capacity (that is, as obligor and obligee) and are valid and enforceable, and both offsetting obligations arise either prepetition or postpetition, even if they arose at different times out of different transactions. *Myer Med. Physicians Grp., Ltd. v. Health Care Serv. Corp.*, 385 F.3d 1039 (7th Cir. 2004).

      Your Honor's consideration in this matter is greatly appreciated.

      Respectfully yours,

      KML LAW GROUP, P.C.

      Thomas I. Puleo, Esquire
      Attorney for Movant, United States of
      America, acting through the Commodity Credit
      Corporation, United States Department of
      Agriculture
      Tel: 215-825-6309
      Fax: 215-825-6409
      Email: tpuleo@kmllawgroup.com

TIP/dm
cc: Scott M. Klein, Esquire
    David B. Schwartz, Esquire
    Andrew J. Shaw, Esquire