Scott M. Klein                                                          158 W. Gay Street
sklein@bmnlawyers.com                                                       Suite 200
610-788-3311 - Main                                              West Chester, PA 19380
267-319-1740 – Direct



March 23, 2017

The Honorable Richard E. Fehling
United States Bankruptcy Judge
Eastern District of Pennsylvania
The Madison Building, Suite 301
Reading, PA 19601

**Re:    In re: Robert Joseph Kroboth and Melanie Ann Kroboth**
**        Case No. 16-13342-REF**

Your Honor:

Please accept this letter-brief as the legal support for creditor Fulton Bank, N.A.'s ("**Fulton**") objection to the Motion for Relief from Stay (the "**Motion**") filed by the United States of America Department of Agriculture ("**USDA**"). *Doc 29*.

The parties have stipulated that on July 23, 2015, the USDA became obligated to pay debtor Robert J. Kroboth ("**Robert**") $44,737.00 in insurance coverage payments (the "**USDA Obligation**"). *Stipulation, Doc 45, ¶6-8*. To date, the USDA Obligation remains due and owing to Robert. *Motion, ¶¶9-10*. After the USDA Obligation became due and owing, on November 29, 2015, the USDA loaned Robert $74,900 (the "**Corn Mal Loan**"), which obligation was set to mature on August 31, 2016. *Stipulation, ¶¶2&4*. Also after the USDA Obligation became due and owing, on December 22, 2015, the USDA loaned Robert $100,800 (the "**Soybean Mal Loan**"), which obligation was set to mature on November 1, 2016. *Stipulation, ¶¶3&5*. Robert and his wife, Melanie Ann Kroboth, filed

the instant bankruptcy petition on May 10, 2016, many months prior to the maturity dates of the Corn Mal Loan and the Soybean Mal Loan. *Stipulation, ¶1*. There is neither stipulated fact, nor allegation in the Motion, that either the Corn Mal Loan or the Soybean Mal Loan were accelerated prior to the Petition date. Moreover, neither of the Farm Storage Note and Security Agreements evidencing the Corn Mal Loan and the Soybean Mal Loan establish any obligation of Robert to make any payment to the USDA prior to the maturity dates; which are post-petition date by many months. *Exhibit A to Stipulation, pgs. 4-5 an Exhibit B to Stipulation, pgs. 4-5*. The USDA makes no allegation to the contrary. In sum, on the Petition date, there was no money due and payable to the USDA from Robert.

Through the Motion, the USDA seeks to set off the USDA Obligation against the obligation of Robert pursuant to the Corn Mal Loan and the Soybean Mal Loan simply because they are mutual pre-petition obligations. *Motion, ¶10*. Robert, however, had no obligation to pay the USDA prior to the Petition date; rather, as set forth above, those obligations would not arise until August 31, 2016 and November 1, 2016, both post-Petition. 11 U.S.C. § 553 does not provide a creditor a right to setoff, but rather simply recognizes that the automatic stay of 11 U.S.C. § 362 does not preclude a creditor from exercising a pre-petition right to set off. Thus, for 11 U.S.C. § 553 to be applicable, a creditor must have had a pre-petition right to setoff.

Fulton Bank does not dispute that the USDA Obligation is a debt owed pre-petition, but as the USDA points out in its brief, Fulton disputes that Robert owed the USDA any obligation pre-petition, as no payments were due and owing the USDA on either the Corn Mal Loan or Soybean Mal Loan at that time. The USDA cites *In re Buckner*,

218 B.R. 137 (B.A.P. 10th Cir. 1998) to explain whether a debt is pre-petition. Therein, the 10th Circuit held that "§ 553(a) only authorizes a creditor to setoff 'valid and enforceable' prepetition debts owed by it to the debtor against 'valid and enforceable' prepetition claims owed by the debtor to the creditor" if a prepetition right to setoff exists under nonbankruptcy laws. *Id* at 145. In Pennsylvania, a right to setoff only occurs "upon the maturity of a debt owed …" *Royal Bank of Pennsylvania v. Selig*, 434 Pa. Super. 537, 545, 644 A.2d 741, 744 (1994) (citing *Pittsburgh Nat'l Bank v. United States*, 657 F.2d 36, 38 (3rd Cir.1981).

As the Corn Mal Loan and Soybean Mal Loan did not require regular payments, on the Petition date, there were not matured monthly payment obligations. Since the maturity dates of these loans were many months post-Petition, the obligation of Robert to pay them in full certainly did not exist on the Petition date. Accordingly, the USDA did not have a nonbankruptcy right to setoff at the time of the Petition. As § 553 simply authorizes nonbankruptcy setoff rights, and the USDA had none, § 553 does not confer upon the USDA a right to setoff as requested. Accordingly, the Motion must be denied.

Respectfully Submitted,

**BROWN McGARRY NIMEROFF LLC**

*/s/ Scott M. Klein*
Scott M. Klein

cc:    David B. Schwartz, Esquire
       Andrew J. Shaw, Esquire
       Frederick L. Reigle, Esquire
       Ramesh Singh, Esquire
       Thomas I. Puleo, Esquire