United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Robert Joseph Kroboth  
Melanie Ann Kroboth  
    Debtors

Case No. 16-13342-mdc  
Chapter 12

# CERTIFICATE OF NOTICE

District/off: 0313-4      User: Lisa      Page 1 of 1      Date Rcvd: Oct 10, 2019  
                      Form ID: pdf900    Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 12, 2019.  
db/jdb      +Robert Joseph Kroboth,   Melanie Ann Kroboth,   6274 Mud Run Road,   Nazareth, PA 18064-8648

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr       +E-mail/Text: bankruptcy@fult.com Oct 11 2019 02:42:40    Fulton Bank NA,   One Penn Square,   5th Floor,   Lancaster, PA 17602-2853  
cr       E-mail/PDF: gecsedi@recoverycorp.com Oct 11 2019 02:51:53    Synchrony Bank,   c/o Recovery Management Systems Corporat,   25 SE 2nd Avenue, Suite 1120,   Miami, FL 33131-1605
                                                                           TOTAL: 2

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 12, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 10, 2019 at the address(es) listed below:  
        ANDREW J. SHAW   on behalf of Joint Debtor Melanie Ann Kroboth ajshawesq@gmail.com, abgoodmanesq@gmail.com  
        ANDREW J. SHAW   on behalf of Debtor Robert Joseph Kroboth ajshawesq@gmail.com, abgoodmanesq@gmail.com  
        DAVID B. SCHWARTZ   on behalf of Joint Debtor Melanie Ann Kroboth david@dbsesq.com, DBSchwartzesq@aol.com  
        DAVID B. SCHWARTZ   on behalf of Debtor Robert Joseph Kroboth david@dbsesq.com, DBSchwartzesq@aol.com  
        MICHAEL B. JOSEPH   on behalf of Trustee MICHAEL B. JOSEPH mjoseph@ch13de.com  
        MICHAEL B. JOSEPH   mjoseph@ch13de.com  
        SCOTT M. KLEIN   on behalf of Creditor   Fulton Bank NA sklein@bmnlawyers.com, kpower@bmnlawyers.com;keckman@bmnlawyers.com  
        THOMAS I. PULEO   on behalf of Creditor   United States of America, Acting through USDA, Commodity Credit Corporation tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
                                                                             TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (READING)

| | | |
|---|---|---|
| In re:  Robert Joseph Kroboth and | : | Chapter 12 |
| Melanie Ann Kroboth | : | |
| Debtors | : | Case 4:16-bk-13342 |

## STIPULATION AND ORDER

This __9__ day of __October__, 2019, debtors Robert Joseph Kroboth, Melanie Ann Kroboth, secured creditor Fulton Bank, N.A., and trustee Michael B. Joseph, Esquire, hereby agree and stipulate as follows:

1.  By Order Confirming Plan Under Chapter 12 dated June 8, 2017 (Doc 64), Debtors Third Amended Chapter 12 Plan (Doc 54) and Addendum to Third Amended Chapter 12 (Doc 60) (collectively, the "**Plan**") was confirmed.

2.  Pursuant to the Plan, Debtors were obligated to, *inter alia*, make payments to the Trustee in the amount of $94,000.00 each, on March 29, 2019 and June 28, 2019 and are obligated to make a $94,000.00 payment on September 27, 2019 (the "**Missed Payments**"). (Doc 54, ¶1).

3.  To date, Debtors have made no payments towards the Missed Payments and do not expect to do so prior to September 27, 2019.

4.  Premised on the first two Missed Payments, on June 17, 2019, secured creditor Fulton Bank, N.A. ("**Fulton**") filed a Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1208 (the "**Motion**") (Doc 20).

5.  Further pursuant to the Plan, Debtors delivered to Fulton the New Fulton Loan Documents (as defined in the Plan) pursuant to which Debtors were to pay the

balance of Fulton's Claim not being addressed by the Plan, outside of the Plan. (Doc 54, ¶2.B.iii).

6. Included in the New Fulton Loan Documents are grants of collateral comprised of all assets of Debtors used to run their farm and necessary to complete the Plan.

7. Neither any injunction nor the Automatic Stay apply to the New Fulton Loan Documents. (Doc 54, ¶4).

8. In addition to the Missed Payments, Debtors have missed multiple payments under the New Fulton Loan Documents and accordingly, Debtors are in default thereof.

9. To resolve the Motion and allow the Debtors to attempt to complete the Plan by way of Fulton forbearing on exercising its rights under the New Fulton Loan Documents, the parties have agreed as follows:

   a. No less than five (5) days after the receipt of any funds payable from any crop insurance program, Debtors shall pay over same, up to $60,000.00, to Fulton. This payment shall be made directly by Debtors to Fulton and shall be applied to the New Fulton Loan (as defined in the Plan). Any funds payable from any crop insurance program received by Debtors over $60,000.00 shall be paid to the Trustee with in five (5) days of receipt.

   b. No later than December 31, 2019, Debtors shall have made all Plan payments due through December 31, 2019; which will total $376,000.00.

c. No later than December 31, 2019, Debtors shall have cured all payment defaults under the New Fulton Loan Documents, which will total $120,000.00. Debtors and Fulton shall enter into a separate forbearance agreement related to the New Fulton Loan, reasonably acceptable to Fulton, to evidence this term (the "**Forbearance Agreement**").

d. Debtors shall provide the Trustee and Fulton with reports on the status of all crop insurance payments and crop sales commencing every thirty (30) days from the date Debtors sign this Stipulation.

e. If Debtors remain compliant with all terms of this Stipulation, Fulton shall not seek dismissal of the instant Bankruptcy as a result of the Missed Payments.

f. <u>Dismissal Upon Noncompliance</u>. If Debtors have not complied with paragraph 9.b, hereof, Debtors hereby irrevocably agree and consent to the Dismissal of this case, or its conversion to Chapter 7, at Debtors' discretion, which shall be effective immediately upon the Debtor's non-compliance with this Stipulation. If Debtors fail to comply with paragraph 9.b, the Trustee (or Fulton with Trustee's written consent) shall deliver to the Bankruptcy Court, via ECF, a notice of non-payment ("**Non-Payment Notice**") and serve same on Debtors via ECF. Debtors shall have five (5) days from delivery of the Non-Payment Notice to deliver a notice to the Court of its choice of Dismissal or Conversion to Chapter 7 (the "**Debtor Option Notice**").Upon receipt thereof, the Bankruptcy Court shall enter an

3

Order dismissing or converting the case, as the case may be, in the form attached hereto as Exhibit "A" (the "**Dismissal/Conversion Order**"). If Debtors do not deliver the Debtor Option Notice in a timely, manner, the Order shall be entered converting the case to Chapter 7. If a Non-Payment Notice is delivered to the Court, no further motion shall be required. For the avoidance of doubt, any challenge or opposition to the Dismissal/Conversion Order may not be raised by motion to reconsider or by appeal from the Dismissal/Conversion Order. The Dismissal/Conversion Order will be entered as a ministerial matter pursuant to the terms of this Stipulation.

g. Nothing in this Stipulation shall be deemed to preclude Fulton from 1) seeking dismissal of this case prior to December 31, 2019 if Debtors are not in compliance with any term herein or 2) exercising its rights under the New Fulton Loan Documents if Debtors fail to make the payment in paragraph 9.a, above, or otherwise default under the Forbearance Agreement.

SO STIPULATED:

_____  _____
Robert Joseph Kroboth              Melanie Ann Kroboth

_____
David B. Schwartz, Esquire,
Counsel for Debtors

4

_____
Scott M. Klein, Esquire,
Counsel for Fulton Bank, N.A.

_____
Michael B. Joseph, Esquire
Chapter 12 Trustee    10-7-19

This Stipulation is APPROVED and entered as an ORDER of Court.

BY THE COURT:

October 10, 2019

_____
Magdeline D. Coleman
Chief United States Bankruptcy Judge

5

EXHIBIT "A"
DISMISSALCONVERSION ORDER

Case 16-13342-mdc  Doc 103  Filed 10/12/19  Entered 10/14/19 02:02:37  Desc
Imaged Certificate of Notice    Page 7 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Robert Joseph Kroboth and | : | Chapter 12 |
| Melanie Ann Kroboth | : | |
| Debtors | : | Case 4:16-bk-13342 |

### ORDER OF DISMISSAL

AND NOW, the ___ day of _____, 20___, upon the notice of non-compliance with the Stipulation and Order entered by this Court on _____, and the notification from Debtors of their selection of remedy, if one has been provided, and it being established that Debtors have failed to comply with the terms of the Stipulation and Order, and the Debtors' consent to dismissal [conversion to Chapter 7] contained in the Stipulation and Order, it is hereby ORDERED and DECREED that this case is DISMISSED [CONVERTED TO CHAPTER 7 IN ACCORDANCE WITH F.R.B.P. 1019].

BY THE COURT:

_____
Magdeline D. Coleman
United States Bankruptcy Judge