## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  Robert Joseph Kroboth and | : | Chapter 12 |
| Melanie Ann Kroboth | : | |
| Debtors | : | Case 4:16-bk-13342 |

**DEBTORS' AND SECURED CREDITOR FULTON BANK, N.A.'S STIPULATION TO DISCHARGE PURSUANT TO 11 U.S.C. § 1228**

Debtors and Fulton Bank, N.A. ("Fulton"), by and through their undersigned counsel, hereby stipulate to the discharge of Debtors pursuant to 11 U.S.C. § 1228 on the following terms:

### Background

1. Fulton is a secured creditor of Debtors in the amount of $3,082,120.08, as of the Petition date, by virtue of, *inter alia*, mortgages granted by Debtors to secure the repayment of monies loaned by Fulton. *Claim No. 5 (the "**Fulton's Claim**")*.

2. By Order dated June 8, 2017 (the "**Confirmation Order**") (Doc 64), the Honorable Richard E. Fehling confirmed the Third Amended Chapter 12 Plan and Addendum to Third Amended Chapter 12 Plan submitted by the Debtors (Doc 54 and Doc 60).

3. Debtors' Fifth Amended Chapter 12 Plan (inclusive of all predecessor plans, the "**Plan**") was confirmed by Order dated July 8, 2020. (Doc 118)

4. As detailed in the Plan, there are 4 loans making up Fulton's Claim: 2 loans which were due and payable, in full, pre-petition (the "**Fulton Demand Loans**") and 2

loans which were set to mature in 2029 and 2034, respectively (the "**Fulton Term Loans**"). (Doc 118, pg. 3).

5. The Fulton Demand Loans and Fulton Term Loans were reduced to a judgment in the Court of Common Pleas of Northampton County at Docket No. C-48-cv-2016-2814 (the "**Judgment**"), pre-petition. (Doc 118, pg. 3).

6. The Plan treated Fulton's Claim by paying the portion thereof arising from the Fulton Demand Loans through the Plan (the "**Fulton Plan Payments**") and paying the portion of Fulton's Claim arising from the Fulton Term Loans through a single loan facility evidenced by new loan documents to be paid outside of the Plan (the "**Out-of-Plan Loan**"). (Doc 118, pg. 3).

7. The Out-of-Plan Loan is evidenced by, *inter alia*, a Promissory Note given by Debtors to Fulton dated June 8, 2017 in the amount of $1,536,080.05; an Open-End Mortgage and Security Agreement dated June 8, 2017 and recorded with the Northampton County Recorder of Deeds on August 25, 2017 in Book 2017-1 at page 183865; and an Agricultural Security Agreement dated June 8, 2017 (collectively, along with all other documents evidencing or securing the Out-of-Plan Loan, the "**Out-of-Plan Loan Documents**").

8. As set forth in the Plan, neither the automatic stay nor any injunction applied to the Out-of-Plan Loan or the Out-of-Plan Loan Documents. (Doc 118, pg. 5).

9. Upon the confirmation of the Plan, the Judgment was re-assessed to be reduced by the amount of the Out-of-Plan Loan.

2

10. Pursuant to the Plan, Debtors were obligated to make quarterly payments to the Trustee in increasing amounts through 2021; of which a majority constituted the Fulton Plan Payments. (Doc 118, pg. 1 and 3).

11. In addition to the Fulton Plan Payments, the Plan set forth that, "no later than November 30, 2021, the Debtors [would] remit a payment in the amount of $380,000.00 to Fulton, outside of the Plan." (the "**Catch-Up Payment**") (Doc 118, pg. 4).

12. To date, the Debtors have not paid the Catch-Up Payment in full; having only paid $169,134.74 towards the Catch-Up Payment.

13. Debtors and the Trustee have taken the position that the obligation to make the Catch-Up Payment was not a condition of completing the Plan; but rather an obligation outside of the Plan.

14. Fulton has agreed with Debtors that the balance of the Catch-Up Payment could be made outside of the Plan and be evidenced by the Judgment. Fulton and Debtors have entered into an agreement confirming this understanding and establishing a payment schedule for the Judgment.

15. Debtors and Fulton have agreed the payment in full of the Catch-Up Payment should not be required for Debtors' discharge.

16. Accordingly, out of an abundance of caution, this Stipulation is being filed to ensure the Order of Discharge does not, and is not deemed or interpreted to, discharge Debtors' obligations to pay the balance of the Catch-Up Payment; which is and will be evidenced by the Judgment.

17. This Stipulation is further filed to ensure that Debtors are not discharged from their obligation to pay the balance of the Out-of-Plan Loan and that the Out-of-Plan Documents remain in full force and effect after discharge.

18. Debtors and Fulton have agreed to the entry of the Order of Discharge in the form attached hereto as **Exhibit "A"**.

19. Michael B. Joseph, the Chapter 12 Trustee, has consented to the proposed Order for Discharge.

WHEREFORE, for the reasons stated herein, Debtors and Fulton Bank, N.A. grant Debtors a discharge by signing the form of Order attached hereto as **Exhibit "A"**.

**BROWN McGARRY NIMEROFF LLC**

Dated: June 23, 2022    By:    */s/ Scott M. Klein*
Scott M. Klein, Esquire
E-mail: *sklein@bmnlawyers.com*
Attorney ID # 94129
158 W. Gay Street, Suite 200
West Chester, PA 19380
Tel.: 610-755-3311/Fax: 484-631-1302

**GOODMAN SCHWARTZ**

Dated: June 23, 2022    By:    */s/ David Schwartz*
David Schwartz, Esquire
E-mail: *dbsesquire@gmail.com*
Attorney ID # 94129
514 Fullerton Avenue, Suite 2
Whitehall, PA 18052
Tel.: 610-434-2023

Consented to by:

*/s/ Michael B. Joseph*
Michael B. Joseph, Esquire, Chapter 12 Trustee

**EXHIBIT "A"**
**PROPOSED ORDER FOR DISCHARGE**

Case 16-13342-pmm    Doc 142    Filed 06/23/22    Entered 06/23/22 11:17:00    Desc Main
Document    Page 5 of 10

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  Robert Joseph Kroboth and         :         Chapter 12
       Melanie Ann Kroboth              :
            Debtors                                 :         Case 4:16-bk-13342

## ORDER OF DISCHARGE

**IT IS ORDERED:**  A discharge under 11 U.S.C. § 1228(a) is granted to ROBERT JOSEPH KROBOTH and MELANIE ANN KROBOTH subject to the following:

The following debts and obligations are <u>not</u> discharged by this Order:

1. The Debtors' obligation to pay Fulton Bank, N.A. the balance of the $380,000.00 payment due on November 30, 2021 (the "**Catch-Up Payment**") pursuant the Plan (Doc 118, pg. 4); which obligation shall be evidenced by the judgment entered in the Court of Common Pleas of Northampton County at Docket No. C-48-cv-2016-2814 (the "**Judgment**"). The Judgment shall be re-assessed to the balance of the Catch-Up Payment less $169,134.74, plus interest from November 30, 2021.

2. The obligation of Debtors to Fulton Bank, N.A. evidenced by that certain Promissory Note given by Debtors to Fulton Bank, N.A. dated June 8, 2017 in the amount of $1,536,080.05; secured by that certain Open-End Mortgage and Security Agreement dated June 8, 2017 and recorded with the Northampton County Recorder of Deeds on August 25, 2017 in Book 2017-1 at page 183865 and that certain Agricultural Security Agreement dated June 8, 2017.

**BY THE COURT:**

Dated:_____

The Honorable Patricia M. Mayer,
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 12 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's
fees.  However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 12 plan.  In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:
- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans;

2

☐ debts provided for under 11 U.S.C. § 1222(b)(5) or (b)(9) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due; and
☐ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 12 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Robert Joseph Kroboth and | : | Chapter 12 |
| Melanie Ann Kroboth | : | |
| Debtors | : | Case 4:16-bk-13342 |

## **CERTIFICATE OF SERVICE AND NOTICE**

     I, Scott M. Klein, Esquire, hereby certify that I am more than 18 years of age and that on June 23, 2022, I served a copy of the foregoing Debtors' and Secured Creditor Fulton Bank, N.A.'s Stipulation To Discharge Pursuant To 11 U.S.C. § 1228 on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing. I certify under penalty of perjury that the foregoing is true and correct.

David B. Schwartz, Esquire
Goodman Schwartz
514 Fullerton Avenue, Suite 2
Whitehall, PA 18052

John R.K. Solt, Esquire
John R. K. Solt, P.C.
Gateway Professional Center
2045 Westgate Drive, Suite 404B
Bethlehem, PA 18017

Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106

Ramesh Singh, Esquire
c/o Recovery Management Systems Corporation
Financial Controller
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Michael B. Joseph, Esquire
824 Market Street, Suite 1002
Wilmington, DE 19899
*Chapter 12 Trustee*

Office of the U.S. Trustee  
833 Chestnut Street, Suite 500  
Philadelphia, PA 19107  
*United States Trustee*

**BROWN McGARRY NIMEROFF LLC**

Dated:  June 23, 2022     By:     */s/Scott M. Klein*
Scott M. Klein, Esquire
E-mail: sklein@bmnlawyers.com
Attorney ID # 94129
158 W. Gay Street, Suite 200
West Chester, PA 19380
Tel.: 610-755-3311/Fax: 484-631-1302

2