### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  Robert Joseph Kroboth and | : | Chapter 12 |
| Melanie Ann Kroboth | : | |
| Debtors | : | Case 4:16-bk-13342 |

### ORDER OF DISCHARGE

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1228(a) is granted to ROBERT JOSEPH KROBOTH and MELANIE ANN KROBOTH subject to the following:

The following debts and obligations are <u>not</u> discharged by this Order:

1. The Debtors' obligation to pay Fulton Bank, N.A. the balance of the $380,000.00 payment due on November 30, 2021 (the "**Catch-Up Payment**") pursuant the Plan (Doc 118, pg. 4); which obligation shall be evidenced by the judgment entered in the Court of Common Pleas of Northampton County at Docket No. C-48-cv-2016-2814 (the "**Judgment**"). The Judgment shall be re-assessed to the balance of the Catch-Up Payment less $169,134.74, plus interest from November 30, 2021.

2. The obligation of Debtors to Fulton Bank, N.A. evidenced by that certain Promissory Note given by Debtors to Fulton Bank, N.A. dated June 8, 2017 in the amount of $1,536,080.05; secured by that certain Open-End Mortgage and Security Agreement dated June 8, 2017 and recorded with the Northampton County Recorder of Deeds on August 25, 2017 in Book 2017-1 at page 183865 and that certain Agricultural Security Agreement dated June 8, 2017.

BY THE COURT:

*Patricia M. Mayer*

Dated: **July 8, 2022**

The Honorable Patricia M. Mayer,
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 12 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's
fees. However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 12 plan. In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:
- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;
- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans;

2

☐ debts provided for under 11 U.S.C. § 1222(b)(5) or (b)(9) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due; and
☐ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 12 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**